1  DUANE H. MATHIOWETZ (SBN 111831)
   duane.mathiowetz@novakdruce.com
2  PATRICIA L. PEDEN (SBN 206440)
   patricia.peden@novakdruce.com
3  NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP
   555 Mission Street, Thirty-Fourth Floor
4  San Francisco, CA  94105
   Telephone: (415) 814-6161
5  Facsimile: (415) 814-6165

6  Attorneys for Defendant C2 Wireless and
   Accessories, LLC.
7

8

9                 UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  PLANTRONICS, INC., a Delaware corporation, | Case No. 2:14-CV-04621 (YGR) |
| 13 | |
| 14         Plaintiff, | C2 WIRELESS AND ACCESSORIES, LLC'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS |
| 15  v. | |
| 16  C2 WIRELESS AND ACCESSORIES, LLC, a California limited liability company, | Date:  March 3, 2015<br>Time:  2:00 p.m.<br>Courtroom:  1 |
| 17 | |
| 18         Defendants. | |
| 19 | Complaint filed:  October 15, 2014 |

20

21

22

23

24

25

26

27

28

C2 WIRELESS AND ACCESSORIES, LLC'S NOTICE OF MOTION AND
MOTION TO STAY PROCEEDINGS

## NOTICE OF MOTION AND MOTION TO STAY

PLEASE TAKE NOTICE that on March 3, 2015 at 2:00 or as soon thereafter as counsel may be heard in Courtroom 1 of the above-entitled Court, located at 1301 Clay Street, Oakland California, Defendant C2 Wireless and Accessories LLC ("C2 Wireless") will, and hereby does, move for an order staying this case pending the resolution of the *Plantronics Inc. v. BlueAnt Wireless Pty. Ltd and BlueAnt Wireless Inc*. (Case No. 4-14-CV-04619), filed in this Court. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities herein, the attached Declaration of Jugel Sachdeva ("Sachdeva Decl.") in support of this Motion, the complete record in this action, and any such other evidence as may be submitted at the hearing of this Motion.

Dated: January 20, 2015            NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP


                                    By:  */s/ Patricia L. Peden*
                                         Patricia L. Peden
                                         Duane H. Mathiowetz
                                         Attorneys for Defendant
                                         C2 WIRELESS AND ACCESSORIES, LLC

---

1

C2 WIRELESS AND ACCESSORIES, LLC'S NOTICE OF MOTION AND
MOTION TO STAY PROCEEDINGS

# RELIEF REQUESTED

For reasons of judicial economy and pursuant to the Court's inherent authority to control its own docket, C2 Wireless, a BlueAnt customer, respectfully seeks an Order staying this case pending resolution of Plantronics's case against BlueAnt Wireless Pty. Ltd. and BlueAnt Wireless Inc. ("BlueAnt").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Plantronics Inc.'s ("Plantronics") direct infringement claims against C2 Wireless are based on a single legal theory: that C2 infringes Plantronics's patent by selling, offering for sale and importing concha-stabilized headsets it purchases from BlueAnt. *See* Dkt. No. 1 at ¶ 20. In other words, the sole reason C2 Wireless has been sued by Plantronics is because it is a BlueAnt customer/reseller.

As a mere customer/reseller, C2 Wireless has no role in the design or development of BlueAnt's products, including those accused by Plantronics of infringing its patent. Consequently, C2 Wireless has no information relevant to the liability issues in this case. Nor does C2 Wireless have anything to add to Plantronics's claimed damages. If Plantronics were to prove its case at trial, it can only recover its damages one time. It cannot double-dip and recover damages from C2 Wireless on headsets for which BlueAnt has already paid the damages, if any, assessed by the jury.

Plantronics' claims for patent infringement will be fully resolved in its litigation with BlueAnt. All aspects of the litigation, including infringement, invalidity, and damages will be resolved in the Plantronics v. BlueAnt case. There is nothing to be gained by litigating a separate patent infringement case against C2 Wireless. Under these circumstances, the important goal of judicial efficiency supports entering a stay.

## II.    STATEMENT OF FACTS

Plantronics filed a lawsuit against BlueAnt Wireless Inc. and BlueAnt Wireless Pty. Ltd. on October 15, 2014. *See* Case No. 4-14-CV-04619 at Dkt. No. 1 (N.D. Cal. October 15, 2014). The Complaint alleges BlueAnt infringes U.S. Patent Number 5,712,453. *See id*. at ¶ 21.

Plantronics seeks to recover damages from BlueAnt for each accused unit sold in the United States. *See id.* at ¶ 42.

On the same day it filed the complaint against BlueAnt, Plantronics filed this separate case against BlueAnt's customer, C2 Wireless. *See* Case No. 4-14-CV-04621 at Dkt. No. 1 (N.D. Cal. October 15, 2014). Plantronics's complaint against C2 Wireless is strikingly similar to its allegations against BlueAnt but is narrower in that Plantronics alleges only direct infringement by C2 Wireless. *See id*. at ¶ 21. Plantronics's infringement claim against C2 Wireless is premised, entirely, on C2's importation, sale and offer of sale of the accused BlueAnt products. *See id*. The only accused products identified in the C2 Wireless Complaint are those sold by BlueAnt. *See id.* Plantronics seeks to recover damages from C2 Wireless for the same accused products accused of infringement in the BlueAnt case. *Compare* Case No. 4-14-CV-04619 (BlueAnt) Dkt. No. 1, at ¶ 16 with Case No. 4-14-CV-04621 (C2 Wireless) Dkt. No. 1, at ¶ 16.

C2 Wireless has no involvement in the design or manufacture of the accused BlueAnt headsets. *See* Ex. A (Sachdeva Decl.) at ¶ 2. C2 merely purchases headsets from BlueAnt, and then resells the BlueAnt headsets (in the same condition and packaging) to its customers. *See id.* at ¶ 2. C2 cannot make any alterations or modifications to any of the BlueAnt products it resells. *See id.* at ¶ 2. All relevant information regarding the design and manufacture of the BlueAnt headsets is in BlueAnt's possession; C2 Wireless has no additional information to provide regarding the design of the accused BlueAnt products. *See id.* at ¶ 2. Moreover, all information about the number of units purchased by C2 Wireless is available from BlueAnt. *See id.* at ¶ 2.

Because the infringement allegations against C2 Wireless relate solely to the accused headsets provided by BlueAnt, BlueAnt has agreed to defend C2 Wireless against Plantronics's infringement claims. *See id.* at ¶ 3. BlueAnt, as the provider of the headsets, is better positioned to litigate the issues of infringement, validity and damages than is C2 Wireless. *See id.* at ¶ 3.

C2 Wireless currently has 28 employees and no full time in-house counsel. *See id.* at ¶ 4. Forcing C2 Wireless to engage in significant discovery will be a burden to the company. *See id.* at ¶ 4.

C2 WIRELESS AND ACCESSORIES, LLC'S NOTICE OF MOTION AND
MOTION TO STAY PROCEEDINGS

C2 Wireless agrees to be bound by the liability and damages issues decided by the trier of fact in the *Plantronics v. BlueAnt* litigation. *See id.* at ¶ 5.

### III. ARGUMENT

#### A. Legal Standard

To promote judicial economy and efficiency, this Court has the inherent power to stay a case pending before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The decision to enter a stay is, entirely, within the court's discretion. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In deciding whether to enter a stay, courts consider "the competing interests which will be affected by the granting or refusal to grant a stay . . . [including] the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and question of law which could be expected to result from a stay." *Id.*

Federal courts routinely stay patent infringement claims against a manufacturer's customers while claims against the manufacturer proceed. Staying claims against a customer pending the outcome of claims against a manufacturer allows the court to focus on "the party that controls the product's design, rather than suits involving secondary parties such as customers of the manufacturer." *In re Papst Licensing GmbH & Co. KG Litig.*, 767 F. Supp.2d 1, 10 (D.D.C. 2011), citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."); *see also Tegic Commc'ns Corp v. Bd. of Regents of Univ. Of Tex. Sys*, 458 F.3d 1335, 1343 (Fed. Cir. 2006) ("[T]]he guiding principles in the customer suit exception cases are efficiency and judicial economy. . ."). The customer-suit exception recognizes that customers and resellers often have very little to offer in the way of evidence regarding the substantive aspects of infringement and therefore courts endorse staying

the case against the customer until resolution of the case against the manufacturer, or "true defendant." *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1365-66 (Fed. Cir. 2013).

### B. The "Customer Suit Exception" Supports A Stay As To C2 Wireless

In evaluating the customer suit exception, "the primary question is whether the issues and parties are such that the disposition of one case would be dispositive of the other." *Katz,* 909 F.2d at 1463; *see also In re Nintendo*, 756 F.3d at 1366 (stay appropriate where there are common facts with respect to infringement and validity, and where the recovery of royalties from the manufacturer will exhaust damages).

Plantronics' claims against C2 Wireless are peripheral to its claims against BlueAnt. *See e.g., Shifferaw v. Emson USA*, Case No. 2:09-CV-54-TJW-CE, 2010 WL 1064380, at *3 (E.D. Tex., Mar. 18, 2010). Plantronics's complaint acknowledges that all the accused products are sold to C2 Wireless by BlueAnt. *See* Case No. 4-14-CV-04621 at Dkt. No. 21. C2 Wireless receives pre-packaged BlueAnt headsets (the accused devices) and it does nothing more than resell the products provided by BlueAnt. *See* Ex. A (Sachdeva Decl.) at ¶ 2. C2 Wireless is not involved in the design, development or support of the accused BlueAnt products. *See id*. C2 Wireless does not, and cannot, make any alternations to the accused products. *See id*. C2 Wireless has no information, documents, or witness testimony to provide regarding BlueAnt's design of the accused devices. *See id*. Because C2 Wireless's alleged liability is premised entirely on its purchase of BlueAnt products, its liability will be fully resolved in the case asserting the same infringement allegations against BlueAnt.

The BlueAnt case also will be dispositive on the issue of damages. If Plantronics proves its case at trial, it will be permitted to collect only its damages from BlueAnt **or** C2 Wireless—not both. It is black letter law that Plantronics cannot recover twice for the same sales. *See Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."); *Shifferaw*, 2010 WL 1064380, at *3 (same). Accordingly, any recovery Plantronics may obtain from BlueAnt will exhaust its claims against C2 Wireless. *See Quanta Computer, Inc. v. LG*

*Elecs., Inc.*, 553 U.S. 617, 629-631 (2008).

On the other hand, if BlueAnt prevails on any of its liability defenses, then Plantronics cannot recover damages from C2 Wireless because all of Plantronics's infringement claims are tied to the same accused products that will be fully litigated in the case against BlueAnt. Thus, the BlueAnt case will dispose of all damages claims against both defendants. *See Shifferaw*, 2010 WL 1064380, at *3 ("If [the manufacturer] is not found liable, then [plaintiff] has no claims against the Retailer Defendants . . . If [the manufacturer] is found liable and [plaintiff] collects damages from [the manufacturer], then the plaintiff cannot then in turn collect damages from the Retailer Defendants, because [plaintiff] cannot receive a double recovery for the same sales.").

C2 Wireless agrees to be bound by any determination regarding Plantronics's claims against BlueAnt, which is defending this lawsuit as the source of the accused products. *See Katz,* 909 F.2d at 1464 (considering, but not requiring, customer's agreement to be bound by any decision in the manufacturer's case). The fact that BlueAnt has agreed to defend C2 Wireless weighs heavily towards a finding that adjudication of the claims against BlueAnt will dispose of the rest of the case. *See Shifferaw*, 2010 WL 1064380 at *3 (finding a stay of claims against customer defendants was appropriate where manufacturer had agreed to defend the customer defendants). There is simply no reason to involve C2 Wireless in Plantronics's infringement dispute with BlueAnt when the BlueAnt case will resolve, as a matter of law, all claims against C2 Wireless.

**C. Plantronics Will Not Be Prejudiced By A Stay But C2 Wireless Will Face Hardship If Required To Go Forward**

As explained above, BlueAnt is the "true" defendant. It is BlueAnt who developed the accused devices and it is BlueAnt that has all of the relevant information regarding infringement and sales of the accused products, including sales to C2 Wireless. C2 Wireless has no evidence concerning infringement, invalidity, or damages not otherwise available from BlueAnt. *See* Ex. A (Sachdeva Decl.) at ¶ 2. Thus, staying the case against C2 Wireless will not, in any way, hinder Plantronics's ability to prosecute its infringement claims. Plantronics's only possible remedy against C2 Wireless is damages, and, as explained above, those claims will be fully

resolved via its case against BlueAnt.[1]  There is no prejudice to Plantronics if the C2 Wireless case is stayed.

On the other hand, the prejudice to C2 Wireless in going forward is substantial.  C2 Wireless is a small company without full-time in-house counsel.  It will have to devote valuable company resources to defend against Plantronics's claims, and for no legitimate purpose.  C2 Wireless should not be required to undertake invasive discovery, sit for deposition, and otherwise participate in time consuming litigation when all the information necessary to resolve Plantronics's infringement claim is available from the true defendant, BlueAnt.  The Federal Rules of Civil Procedure and this Court's focus on ensuring proportionality with respect to costly patent infringement litigation supports entering a stay.

### D. A Stay Will Simplify The Issues In This Case

Staying Plantronics's claims against C2 Wireless will allow the Court, and the parties, to properly focus on "the party that controls the product's design"—BlueAnt—rather than needlessly spending resources litigating a case against C2 Wireless, who is a secondary party.  *See Papst Licensing*, 767 F.Supp.2d at 10.  If a stay is entered, it will eliminate the need for the parties to conduct duplicative discovery or for the Court to resolve unnecessary discovery disputes that are likely to arise in the C2 Wireless case because C2 Wireless does not have relevant information to provide or because the discovery Plantronics will request is more appropriately taken from BlueAnt.  There is simply no legitimate reason for Plantronics's duplicative and derivative claims against C2 Wireless to proceed until after the BlueAnt litigation is resolved.

### E. Discovery Has Not Yet Began And A Stay Will Conserve Resources

The very early stage of this case weighs strongly in favor of a stay.  This case is in its earliest stages with nothing done but the filing of the complaint and an answer.  No case management has occurred and discovery has not yet commenced.  Plantronics presumably has not spent resources on drafting discovery for C2 Wireless.  A stay at this stage will not only prevent

---

[1] Plantronics cannot obtain injunctive relief because its patent expires in just a few days.

Plantronics from forcing an undue burden on C2 Wireless, it will allow the remaining parties, including Plantronics, to craft a discovery plan directed to taking legitimate, relevant discovery needed to resolve the parties' dispute.  Additionally, if no stay is entered, there are likely to be discovery disputes as C2 Wireless responds to Plantronics's written discovery with relevance and lack of possession, custody and control objections.  There is no reason why the parties and the Court must engage in redundant filings, discovery, and court proceedings when substantially all of this duplicative work can be avoided by staying the case against C2 Wireless.

**IV.    CONCLUSION**

For all the foregoing reasons, Defendant C2 Wireless respectfully requests that the Court enter an Order staying the above-captioned case pending the resolution of the *Plantronics v. BlueAnt* case.

Dated: January 20, 2015        NOVAK DRUCE CONNOLLY BOVE + QUIGG LLP

By:    */s/ Patricia L. Peden*
         Patricia L. Peden
         Duane H. Mathiowetz
         Attorneys for Defendant
         C2 WIRELESS AND ACCESSORIES, LLC